J-S35039-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHRISTOPHER WELLBORN APGAR | : | |
| | : | |
| Appellant | : | No. 1545 MDA 2024 |

Appeal from the Judgment of Sentence Entered June 7, 2024
In the Court of Common Pleas of Adams County Criminal Division at
No(s):  CP-01-CR-0001442-2023

BEFORE:  OLSON, J., MURRAY, J., and LANE, J.

MEMORANDUM BY LANE, J.:                    **FILED: NOVEMBER 4, 2025**

Christopher Wellborn Apgar ("Apgar") appeals from the amended judgment of sentence imposed following his convictions for criminal attempt (kidnapping), and criminal trespass.[1]  Additionally, Apgar's court-appointed counsel, Scott A. Harper, Esquire ("Attorney Harper"), has filed a petition to withdraw and an accompanying brief pursuant to **_Anders v. California_**, 386 U.S. 738 (1967).  We quash the appeal as untimely filed and dismiss Attorney Harper's petition as moot.

We glean the following factual and procedural history from the certified record.  On the afternoon of December 8, 2023, Conewago Township police officers were dispatched to the Utz Foods Factory in Adams County for a report

---

[1] **_See_** 18 Pa.C.S.A. § 901(a), 2901(a)(3), 3503.

of a knife attack by an employee. When police arrived, multiple employees were holding down the assailant, later identified as Apgar, who was drenched in sweat and incoherent. A supervisor informed the officers that Apgar had been fired two days prior and had returned to the facility with a knife visibly protruding from his backpack. Apgar walked through the factory and approached Abagail Jarrett ("Jarrett"), grabbed her by the hips, and professed his love for her. Jarrett rejected Apgar before the supervisor physically intervened, disarmed Apgar, and he and six other employees restrained Apgar until police arrived. When police apprehended him, Apgar had in his possession a machete, duct tape, a rope, a bungee cord, and zip ties, all suggestive of an intent to kidnap. The Commonwealth charged Apgar with attempted kidnapping, aggravated assault, terroristic threats, criminal trespass, simple assault, recklessly endangering another person, and disorderly conduct.

On June 4, 2024, the date on which a jury trial was scheduled to begin, Apgar elected to enter a negotiated plea of *nolo contendere* to attempted kidnapping and guilty to criminal trespass. Apgar executed a written guilty plea colloquy, and the trial court conducted an oral guilty plea colloquy on the record. On that same date, the trial court sentenced Apgar pursuant to the negotiated plea agreement to two to five years in prison for attempted kidnapping, followed by five years of probation for criminal trespass. ***See*** Sentencing Order, 6/4/24, at 1-2. On June 7, 2024, the trial court entered an

- 2 -

amended sentencing order in which it made a minor correction to a statutory provision referenced in the June 4, 2024 sentencing order, but indicated that "[i]n all other respects, the court's sentencing order of June 4, 2024, remains in full force and effect." Amended Sentencing Order, 6/7/24, at 1. On June 10, 2024, Apgar, through his then counsel of record, Sonia Wise, Esquire ("Attorney Wise"), filed a post-sentence motion to withdraw his pleas. The trial court denied the post-sentence motion on June 17, 2024.

On October 21, 2024, Apgar filed a *pro se* notice of appeal.[2] The trial court ordered him to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Apgar then requested to proceed *pro se* on appeal. Attorney Wise filed a motion to withdraw from representation. Apgar subsequently filed a *pro se* concise statement. On November 21, 2024, the trial court conducted a hearing on Apgar's request to proceed *pro se* and counsel's motion to withdraw. Both Attorney Wise and Attorney Harper appeared on Apgar's behalf.[3] Following the hearing, the court issued an order in which it indicated that Apgar had changed his mind and wished to continue representation by the public defender's office on appeal. **See** Order, 11/21/24, at 1. The trial court further indicated that, although Apgar had filed

---

[2] This Court issued a rule to show cause why the appeal should not be quashed as untimely filed. Neither Apgar nor his counsel filed a response.

[3] The docket does not indicate any ruling on Attorney Wise's motion to withdraw, or when Attorney Harper entered his appearance in the case.

a *pro se* concise statement, appointed counsel would need to review matters and file an amended concise statement, if necessary. ***See id***. In response, Attorney Harper filed a notice of his intent to file an ***Anders*** brief. The trial court then authored an opinion pursuant to Rule 1925(a) in which it deemed all issues waived because the appeal was untimely filed, requiring quashal. In this Court, Attorney Harper has filed an ***Anders*** brief and a petition to withdraw from representation. Apgar did not respond to the petition to withdraw or file any brief in support of his appeal.

Before we may consider the petition to withdraw or the issues identified in the ***Anders*** brief, we must first address the timeliness of this appeal since it implicates our jurisdiction. ***See Commonwealth v. Green***, 862 A.2d 613, 615 (Pa. Super. 2004) (*en banc)*. Jurisdiction is vested in the Superior Court upon the filing of a timely notice of appeal. ***See Commonwealth v. Crawford***, 17 A.3d 1279, 1281 (Pa. Super. 2011). Time limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. ***See Commonwealth v. Valentine***, 928 A.2d 346, 349 (Pa. Super. 2007). Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal. ***See Commonwealth v. Burks***, 102 A.3d 497, 499-500 (Pa. Super. 2014).

Here, the trial court sentenced Apgar on June 4, 2024. The court entered an amended sentencing order on June 7, 2024. Apgar filed a timely post-sentence motion on June 10, 2024, which the trial court denied on June

17, 2024. Where, as herein, a defendant files a timely post-sentence motion, the notice of appeal must be filed "within 30 days of the entry of the order deciding the motion." Pa.R.Crim.P. 720(A)(2)(a). Thus, Apgar was required to file a notice of appeal no later than July 17, 2024. However, he did not file his notice of appeal until October 21, 2024. Thus, it is patently untimely.

We note that Pennsylvania Rule of Criminal Procedure 704 mandates that, at the time of sentencing, the trial judge must "determine on the record that the defendant has been advised . . . of the right to file a post-sentence motion and to appeal, [and] of the time within which the defendant must exercise those rights . . .." Pa.R.Crim.P. 704(C)(3)(a). This Court has declined to quash an untimely appeal when a defendant has been misinformed about his post-sentence rights. **See Commonwealth v. Coolbaugh**, 770 A.2d 788, 791 (Pa. Super. 2001) (holding that the trial court's misstatement of appeal period constituted a breakdown in the court's operation).

Here, the pertinent post-sentence rights and applicable filing periods were set forth in the written guilty plea colloquy, which both Apgar and his counsel signed. **See** Written Guilty Plea Colloquy, 6/4/24, at unnumbered 10-11 (Statement of Post-Sentence Rights). Pertinently, the written guilty plea colloquy informed Apgar that, "[i]f I decide to appeal, a written Notice of Appeal must be filed with the Adams County Clerk of Courts Office within thirty (30) days of the date of denial of my post[-]sentence motions." **Id**. at

unnumbered 10. Apgar placed his initials on the line next to this paragraph, indicating that he had reviewed it. *See id*.

Moreover, during the oral guilty plea colloquy, the trial court asked Apgar if he had reviewed the written guilty plea colloquy with his counsel, to which he replied, "Yes sir." *Id*. at 2. The trial court also asked Apgar whether he "understood all of it," to which he relied "I did." *Id*. at 3. The trial court then asked whether there was "any part of this document that you need me to explain for you at this time," to which Apgar responded, "No sir." *Id*. After the trial court had accepted Apgar's pleas and imposed sentence, the court addressed Apgar's appellate rights by stating, "[a]s part of this [written] colloquy there is a statement of post-sentence rights attached to the back. Did you read, sign, and initial that part of the document?" *Id*. at 8. Apgar stated, "I did." *Id*. The trial court then asked "[d]o you understand all of those rights," and Apgar responded "Yes, sir." *Id*. Finally, the trial court asked Apgar, "are there any of those rights that you need to have me explain to you at this time," to which Apgar responded "No, Your Honor." *Id*.

Based on the record before us, we conclude that Apgar was properly informed of his post-sentence and appellate rights, and there was no breakdown in the court's operation which would excuse his untimely filing. *See Commonwealth v. Dreves*, 839 A.2d 1122, 1125-26 (Pa. Super. 2003) (*en banc*) (noting that the certified record contained a document entitled "Post Sentencing Procedures," which set forth pertinent time periods, and was

signed by Dreves and his counsel on the day of sentencing). Accordingly, because Apgar filed his notice of appeal more than four months after the trial court denied his post-sentence motion, we lack jurisdiction to consider it. Hence, we are constrained to quash the appeal as untimely.

Additionally, because we conclude that we lack jurisdiction over this appeal, we cannot review Attorney Harper's petition to withdraw, the **Anders** brief, or the record to determine whether we agree with counsel's assessment that Apgar's appeal is frivolous. **See Commonwealth v. Capaldi**, 112 A.3d 1242 (Pa. Super. 2015) (quashing the appeal for lack of jurisdiction because the notice of appeal was untimely filed, and concluding that the petition to withdraw, **Anders** brief, and the record could not be reviewed). As such, we dismiss the petition to withdraw as moot.

Appeal quashed. Petition to withdraw as counsel dismissed as moot. Judgment Entered.

_____
Benjamin D. Kohler, Esq.
Prothonotary


Date: 11/04/2025